## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

**JOHN A. MATTINGLY Jr., Esq.**


**Plaintiff,**


**Civil Action No.:**

v.


**Richard D. Fritz, In His Official Capacity** as State's Attorney St. Mary's County

**Daniel J. White. In His Official Capacity** as Assistant State's Attorney St. Mary's County

**St. Mary's County Sheriff Office, By and Through Captain Daniel Alioto of Sheriff Narcotics Unit, In His Official Capacity** as A representative of the St. Mary's County Sheriff Office

**Timothy K. Cameron** In His Official Capacity as Sheriff and In His Representative Capacity of the St. Mary's County Sheriff's Office County Sheriff Office 23150 Leonard Hall Drive Leonardtown, MD 20650

**Sheriff's Deputies 1-30** Unknown In their individual and official capacities

1

**Board of County Commissioners for**
**St. Mary's County**, Maryland
Care of: Ms. Christy Chesser, Esq.
41770 Baldridge St.
Leornardtown, MD 20650

> **Defendants Jointly and**
> **Severally In Their above**
> **Specified Capacities**

## FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FIRST, FOURTH, FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

This is an action to obtain Equitable Relief [in the nature of declaratory and injunctive relief] and where appropriate, upon discovery, to recover damages on behalf of the plaintiff, John A. Mattingly, Jr., (hereinafter "Plaintiff"). This action is being filed by Plaintiff, by and through his attorney Kenneth Joel Haber of the Law Office of Kenneth Joel Haber, PC. This action involves, among other issues, violation of Plaintiff's First Amendment Rights for Freedom of Speech and for the right to run as a candidate for elective office and violation of Plaintiff's Fourth Amendment Rights to be free of unreasonable search and seizure; all through the Fourteenth Amendment and 42 U.S.C. §1983 and such other federal and state actions that may become apparent upon discovery.

This civil action is being brought by Plaintiff by and through his attorneys against Defendants Richard D. Fritz and Daniel J. White, in their official and

2.

representative capacities as the State's Attorney and Assistant State's Attorney for St. Mary's County States Attorneys Office by and through their acts, omissions, and their failures to train and supervise; St. Mary's County Sheriff Office, through and for the acts and omissions of Captain Daniel Alioto and Sheriff Timothy K. Cameron, in their official and representative capacity as St. Mary's County Sheriff Office by and through their acts, omissions, and their failures to train and supervise St. Mary's County Sheriff's Office; St. Mary's County Sheriff's Office through the acts and omissions of Sheriff's Unknown Deputies 1-30, in their individual and official capacities; and against the Board of County Commissioners for St. Mary's County, Maryland by and through its acts, omissions, and its failures to train and supervise the State Attorneys' Office and Sheriff's Office for St. Mary's County; all jointly and severally.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction of this action based upon 28 U.S.C. §§ 1331, 1343, 1367 and 2201 and that the violations complained of arise under the First. Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983 and 28 U.S.C. §2201.

2.  One or more Defendants reside, exist and transact business in this District, and one or more acts complained of herein occurred in this District.

3

3.     Plaintiff's action seeks to remedy Defendants' wrongful conduct through Equitable Relief [in the nature of declaratory and injunctive relief] and where appropriate, upon discovery, to recover damages on behalf of the plaintiff.

4.     Venue is proper in this Court as all parties are either Maryland citizens or Maryland county governmental entities, and the conduct complained of took place in Maryland and in this District.

## PARTIES TO THE ACTION

5.     Defendant Richard D. Fritz is the State's Attorney for St. Mary's County, Maryland and is being sued in his Official Capacity and representative capacity as representative of that County Office for Equitable Relief and where appropriate, upon discovery, to recover damages on behalf of the Plaintiff. Defendant St. Mary's County State's Attorneys' Office is a state/county governmental entity and is a Defendant herein through and for the acts and omissions of Defendant Fritz, in his Official Capacity, and other officers and agents unnamed herein of said St. Mary's County State's Attorneys' Office; Fritz and all others by and through their acts, omissions, and their failures to train and supervise.

6.     Defendant Daniel J. White is Assistant State's Attorney for St. Mary's County, Maryland and is being sued in his Official Capacity as representative of that County Office for Equitable Relief and where appropriate, upon discovery, to

4

recover damages on behalf of the Plaintiff. Defendant St. Mary's County State's Attorneys' Office is a state/county governmental entity and is a Defendant herein through and for the acts and omissions of Defendant White, in his Official Capacity, and other officers and agents unnamed herein of said St. Mary's County State's Attorney's Office; White and all others by and through their acts, omissions, and their failures to train and supervise.

7.    St. Mary's County Sheriff Office, through and for the acts and omissions of Captain Daniel Alioto, in his individual Official Capacity and representative capacity as an authorized representative of the St. Mary's County Sheriff Office, Narcotics Unit, through and for the acts and omissions of other unnamed officers and agents of Defendant, is being sued in its capacity as a state/county governmental entity for Equitable Relief and where appropriate, upon discovery, to recover damages on behalf of the plaintiff.

8.    St. Mary's County Sheriff Office, through and for the acts and omissions of Defendant Timothy K. Cameron, in his Official Capacity and representative capacity as Sheriff and authorized representative of the St. Mary's County Sheriff Office, through and for the acts and omissions of other unnamed officers and agents of Defendant, is being sued in his capacity as a state/county governmental entity for Equitable Relief and where appropriate, upon discovery, to recover damages on behalf of the plaintiff; Defendant Timothy K. Cameron, in his

5

official capacity as Sheriff, and in his representative capacity of St. Mary's County Sheriff's Office, did fail to train, regulate, and supervise the various agents, officers and deputies of the Sheriff's Office so as to permit and cause the violations cited herein; Cameron and all others by and through their acts, omissions, and their failures to train and supervise.

9.    Defendant Board of County Commissioners for St. Mary's County, Maryland, did fail to train, regulate, and supervise the various agents, officers and deputies of the Sheriff's Office and attorneys of the States Attorneys' Office so as to permit and cause the violations cited herein.

10.    St. Mary's County Sheriff Office, through and for Sheriff's Unknown Deputies 1-30, in their Official Capacity as authorized representatives of the St. Mary's County Sheriff Office, for their acts and omissions as said officers and agents of Defendant, is being sued in its capacity as a state/county governmental entity for Equitable Relief and where appropriate, upon discovery, to recover damages on behalf of the plaintiff.

11.    Plaintiff John Mattingly is a licensed attorney at law and is a citizen of the United States and a resident of St. Mary's County, Maryland.

12.    John Mattingly has a law office at 41630 Courthouse Drive, Leonardtown, MD 20650, which is located inside of and is separate and apart from his real estate office.

6

13. Plaintiff stored closed attorney client files in a room on the premises of his mother's property in the basement of the residence located at 24150 Spieth Rd., Leonardtown, MD 20650. This room was maintained as a space separate and apart from other portions of the residence. Plaintiff's mother rented other portions of this residence to Mr. Daniel Brown, who subleased some of the other portions out to additional individuals.

14. On information and belief, all of the acts and/or conduct of each individual alleged herein were consented to, ratified, approved, and/or authorized by the Defendant St. Mary's County State's Attorneys' Office, Defendant St. Mary's County Sheriff's Office, and St. Mary's County Board of County Commissioners. Defendant St. Mary's County State's Attorneys' Office, Defendant St. Mary's County Sheriff Office, and St. Mary's County Board of County Commissioners are being sued both for their own acts and omissions; their failures to train and supervise; and on the basis of the acts and omissions of their officers and agents under respondeat superior.

15. Each Defendant is hereinafter referred to jointly and severally as "Defendants", unless otherwise specified. Unless otherwise specified, when the term "Defendants" is referred to in this complaint, the complaint is referencing each defendant as if each is set out jointly and severally.

## FACTUAL BACKGROUND

16. On or about January 27, 2009, Plaintiff did announce in the newspaper St. Mary's Today that he was running for State Attorney of St. Mary's County.

17. On March 4, 2009, the St. Mary community newspaper, called "The Enterprise" published an article in which Plaintiff John Mattingly announced that he planned on running for State's Attorney for St. Mary's County [See attached Exhibit #4 for both articles].

18. During his candidacy, Mattingly has asserted, pursuant to his First Amendment rights, that the current State's Attorney's Office of Richard Fritz mishandled a rape trial by having an insufficiently trained attorney assigned to it.

19. Various articles explained Mattingly's credentials as having clerked for a judge, taken cases from the Public Defenders' Panel, having a private practice and even arguing a case before the US Supreme Court. [for additional First Amendment published material by Mattingly or generated by Mattingly's candidacy, see attached Exhibit #5]

20. Mattingly severely criticized the current State's Attorney by asserting as to the Office that "There are a lot of things that need fixing over there" and accused that "Criminal charges are being bought and sold for donations to pet projects."

8

21.     Mattingly accused Assistant States Attorney Danny White of undertaking such a practice.

22.     White acknowledged the activity but claimed that it "helps a wide range of nonprofit groups."

23.     Mattingly even accused the office of regularly leaving too early in the day.

24.     State Attorney Richard Fritz when interviewed for the article advised that he would offer "a spirited campaign."

25.     The type of spirited campaign which Fritz has been known to run includes his initial election for State Attorney in November 1998.

26.     In that election Fritz had a lot of support in the Sheriff's Office, as he had been previously an Assistant States Attorney.

27.     Fritz's conduct, former Sheriff Richard Voohaar's conduct, Officer Daniel Alioto's conduct and the conduct of other members of Voorhaar's Office was the subject of a lawsuit arising from both Fritz's and Voorhaar's November 1998 elections.

28.     Both Fritz and Voorhaar were the subjects of strong criticism in an article to be released in the Newspaper St. Mary's Today.

29. Fritz had even been identified as being the subject of a conviction for carnal knowledge of a fifteen year old girl with three other men when he was eighteen years old.

30. Chief Justice Wilkinson in Rossignol v Voorhaar, et al, 316 F3d 516 (4th Cir., 2003) found that in addition to violating 42 USC §1983 for their, in essence, seizing all of the newspapers available under color of state law, that they violated state criminal law, Id. at 525-526, and he compared them to the Ku Klux Klan, Id. at 527-528.

31. Now Fritz and White are seeking to use their office in an official way to harass a candidate running for the State's Attorney's Office, who had the temerity to exercise his First Amendment Rights of Freedom of Speech and criticize the operation of their office and to exercise his First Amendment Right to run for that same office.

32. On or about September 23, 2009, Plaintiff did make his Official Candidacy filing to appear on the ballot in the 2010 Election for State's Attorney for St. Mary's County.

33. On or about September 24, 2009, Defendants did apply for and obtain a search warrant for the premises located at 24150 Spieth Rd., Leonardtown, MD 20650.

34.     This property is owned by John Mattingly's mother and partially rented to Daniel Brown.

35.     Mr. Daniel Brown is a partner of John Mattingly in their real estate business.

36.     The search warrant provided for the search and seizure of numerous papers, items and property [See attached Exhibit #1].

37.     The search warrant was specific as to the papers, items and documents which were identified to be seized.

38.     The search warrant did not provide for the seizure of any files identified as those of John Mattingly.

39.     During the search, Mr. Mattingly's closed attorney client files, which had been stored in a separate room in the basement of his mother's property, were seized.

40.     On or about, September 24, 2009, prior to leaving the premises subject to the search and seizure, the Defendants did leave an inventory of documents seized with Mr. Brown who resided at the premises.

41.     These were listed on the inventory return as "Item 36- 12 boxes of files belonging to John Mattingly located in basement room near workshop." [See Exhibit #2]

42.     John Mattingly did not maintain his name on the outside of the boxes.

-11

43.    On information and belief, the Defendants, prior to seizing the 12 boxes of John Mattingly's files, did inspect and ascertain that the boxes being seized were those containing John Mattingly's attorney client privileged files and documents which were not called for in the search warrant.

44.    Defendants knew or should have known that the files seized were attorney client files inasmuch as they identified the files as belonging to John Mattingly prior to their seizure and removal of the files and inasmuch as the Defendants executed a signed inventory, at the time of the seizure and removal, with the description that they were John Mattingly's files.

45.    In order to so describe the files on the inventory at the time of their seizure and removal, the Defendants needed to inspect the files to know that the 12 boxes of files were all John Mattingly's files as set out on the inventory attached to this complaint [Exhibit #2].

46.    Further, such attorney client files were not listed on the search warrant as an item to be seized [See Exhibit #1].

47.    An individual identified as "Detective Corporal Michael A. Labanowski" executed the affidavit for the search warrant. On the face of the affidavit he avers that his certification as a police officer is valid "through June 30, 2009." [See last paragraph of page 3 of 10 of application for warrant, see Exhibit #3].

48.    However, Michael Labanowski executed the application and affidavit on September 24, 2009.

49.    This would constitute an assertion that his certification lapsed.

50.    His certification had actually been renewed as of July 1, 2009.

51.    The preparation and issuance of the search warrant in one day did not give Officer Michael Labanowski an adequate opportunity to review his documentation of such a serious matter as his certification.

52.    Maryland State law [MD Code Public Safety, § 3-217] prohibits anyone from serving as a police officer with a lapsed certificate.

53.    On or about October 20, 2009, John Mattingly's attorney confirmed to the Defendants by letter, Federal Expressed to them for receipt on the next day, that they had seized attorney client files of John Mattingly.

54.    Defendants Fritz and White, either directly or by and through their agents, have acted so arbitrary and capricious that they have failed to promptly return John Mattingly's 12 boxes of Attorney Client files, even though they were aware of the Attorney Client nature of these files.

55.    Defendants Fritz and White, either directly or by and through their agents, have acted so arbitrary and capricious that they have failed to promptly return John Mattingly's 12 boxes of Attorney Client files which Mattingly sought the return of through his attorney, Clarke Ahlers.

13

56.   This Sheriff's Office search and seizure was facilitated by and through Captain Daniel Alioto, of the Sheriff Narcotics Unit, even though the alleged crime upon which the search warrant was based had nothing to do with narcotics violations. [See Exhibit # 3 Application/Affidavit for Search Warrant]

57.   In his affidavit for the search warrant, Michael Labanowski cites continuously statements of Captain Alioto of the St. Mary's Sheriff for his probable cause.

58.   Maryland State law [MD Code Criminal Procedure §1-203(a) (2) (i)] requires the affiant to set forth probable cause and "contains facts within the personal knowledge of the affiant that there is probably cause."

59.   Michael Labanowski failed to do this.

60.   Michael Labanowski continuously cited facts asserted by Captain Alioto, who apparently had the alleged personal knowledge.

61.   Captain Alioto knows that if he swore to the affidavit falsely he would be subject to suit as an individual.

62.   Captain Alioto desired to avoid exposure to civil suit for swearing falsely to an affidavit for a search warrant and had Michael Labanowski directly swear out the affidavit based upon Captain Alioto's alleged factual knowledge.

63. Captain Alioto knows that the information which he provided Michael Labanowski, in order to swear out the application, was false by omission and commission.

64. Alioto is a Captain of the Sheriff's Office Narcotics Unit.

65. Alioto is not routinely assigned to conduct the White Collar type of investigations as reflected in the probable cause of the search warrant and as a Captain would not normally conduct such an investigation himself.

66. Alioto and Daniel White have been jointly going around the state conducting an extensive investigation that is reflected in the search warrant application and it is in retaliation for John Mattingly's exercise of his First Amendment Right of Free Speech and his Right to be a Candidate opposing State Attorney Richard Fritz.

67. Alioto and Daniel White have been jointly going around the state conducting an extensive investigation, including threatening and pressuring individuals to make false assertions against John Mattingly in retaliation for John Mattingly's exercise of his First Amendment Right of Free Speech and his Right to be a Candidate opposing State Attorney Richard Fritz.

68. Alioto and White are undertaking this investigation and did undertake the subject search on the behalf of State Attorney Fritz and with his full support and cooperation.

15

69.    On information and belief, Defendants Fritz and White did provide investigatory advice to the Defendant Sheriff Office as to the issuance and execution of the search warrant, the resulting illegal seizure and retention of John Mattingly's Attorney Client files and investigation pertaining to same.

70.    On or about November 20, 2009, the Sheriff's Office had published in St. Mary's Today a request of the public for information as to several companies with which John Mattingly is affiliated.

71.    Defendants have yet to return John Mattingly's Attorney Client files even though they are aware of the Attorney Client nature of the files.

72.    Defendant Fritz's investigation and his office's investigation of John Mattingly, who has announced his Candidacy to run against Fritz, constitutes and is a conflict of interest.

73.    Defendant Fritz's investigation and his office's investigation of John Mattingly, who has announced his Candidacy to run against Fritz, creates the appearance of a conflict of interest.

## CLAIM I

## UNLAWFUL SEARCH AND SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 USC §1983 (AGAINST ALL DEFENDANTS)

John Mattingly re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 73, as if fully stated herein.

16

74.    The Fourth Amendment to the United States Constitution prohibits unlawful searches and seizures. This amendment is incorporated through the Fourteenth Amendment to apply to state and county governments.

75.    Title 42 U.S.C. §1983 prohibits state and county governmental units from violating the Fourth and Fourteenth Amendments under the color of state law.

76.    The Defendants acted under color of state law when they undertook the unlawful search and seizure of John Mattingly's Attorney Client files and the continuing seizure of same.

77.    On or about September 24, 2009, and continuing until the present, the Defendants did, under color of statute, ordinance, regulation, custom and usage of the State of Maryland,  subject and cause to be subjected and continues to subject John Mattingly, a citizen of United States to the deprivation of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the Constitution and laws of the United States; to wit, the Defendants did illegally search and seize John Mattingly's attorney client files and failed to return them, as provided for by the Constitution of the United States of America under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the Constitution.

78.    As a result of the foregoing violation of John Mattingly's rights as set out in the Fourth and Fourteenth Amendments and 42 U.S.C. §1983, John Mattingly has been and is being injured and is subject to future injuries in

17

connection to the Attorney Client files illegally seized by the Defendants and their continued seizure.

79.    John Mattingly is entitled to all relief necessary to make him whole.

80.    As a direct and proximate result of Defendants' violation of John Mattingly's Fourth and Fourteenth Amendment rights and 42 U.S.C. §1983, John Mattingly is entitled to all relief necessary to make him whole as to be specified in the provisions hereinafter pertaining to damages and relief.

WHEREFORE, John Mattingly prays for relief as set forth below in this complaint.

## CLAIM II
### UNLAWFUL RETALIATION UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 USC §1983 (AGAINST ALL DEFENDANTS)

John Mattingly re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 80, as if fully stated herein

81.    The foregoing illegal search and seizure and continued seizure of his 12 boxes of attorney client files was undertaken due to Defendants' retaliation against John Mattingly as a result of his seeking election as the State's Attorney for St. Mary's County and preparing to run against Defendant Fritz in his bid for re-election for that Office.

18

82.    The Defendants acted under color of state law when they undertook the unlawful search and seizure and continued seizure of John Mattingly's Attorney Client files.

83.    Defendants omitted, in their application for said search warrant, material information which was known to them or should have reasonably been known to them and which material information made sworn assertions in the application for search warrant false and/or immaterial.

84.    On information and belief, Defendants Fritz and White did directly or by and through their agents and Defendant St. Mary's County State's Attorney's Office provide investigational advice to those providing sworn information for the application for the search warrant and either should have known or did know that certain sworn assertions in the application for the search warrant were either false and/or immaterial.

85.    On or about September 24, 2009, and continuing until the present, the Defendants did, under color of statute, ordinance, regulation, custom and usage of the State of Maryland, subject and cause to be subjected and continues to subject John Mattingly, a citizen of United States to the deprivation of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the Constitution and laws of the United States; to wit, the Defendants did illegally search and seize John Mattingly's attorney client files and failed to return them, as

19

provided for by the Constitution of the United States of America under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the Constitution.

86.     The foregoing is contrary to the treatment otherwise enjoyed by citizens of the United States.

87.     As a result of the foregoing violation of John Mattingly's rights as set out in the Fourth and Fourteenth Amendments and 42 U.S.C. §1983, John Mattingly has been and is being injured and is subject to future injuries in connection to the Attorney Client files illegally seized by the Defendants.

88.     John Mattingly is entitled to all relief necessary to make him whole.

89.     As a direct and proximate result of Defendants' violation of John Mattingly's Fourth and Fourteenth Amendment rights and 42 U.S.C. §1983, John Mattingly is entitled to all relief necessary to make him whole as to be specified in the provisions hereinafter pertaining to damages and relief.

WHEREFORE, John Mattingly prays for relief as set forth below in this complaint.

### CLAIM III
### UNLAWFUL RETALIATION UNDER THE
### FIRST, FOURTH AND FOURTEENTH AMENDMENTS
### AND 42 USC §1983
### (AGAINST ALL DEFENDANTS)

John Mattingly re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 89, as if fully stated herein.

90.    The foregoing investigation and search and seizure has been undertaken due to Defendants' retaliation against John Mattingly as a result and in retaliation for John Mattingly's seeking election as the State's Attorney for St. Mary's County, preparing to run against Defendant Fritz in his bid for re-election for that Office and speaking out against Defendant Fritz and his State's Attorneys' Office; all as protected under the First Amendment of the Constitution.

91.    The Defendants acted under color of state law when they undertook and continue to undertake their investigation, continued investigation, unlawful search and seizure, and continued seizure of John Mattingly's Attorney Client files.

92.    Defendants omitted, in their application for said search warrant, material information which was known to them or should have reasonably been known to them and which material information made sworn assertions in the application for search warrant false and/or immaterial.

93.    On information and belief, Defendants Fritz and White did directly and by and through their agents and Defendant St. Mary's County State's Attorney's Office provide investigational advice to those providing sworn information for the application for the search warrant and either should have known or did know that certain sworn assertions in the application for the search warrant were either false and/or immaterial.

94.    Defendants Fritz and White did directly and by and through their agents and Defendant St. Mary's County State's Attorney's Office actively participate in the investigation of John Mattingly, in retaliation against and as a result of John Mattingly's seeking election as the State's Attorney for St. Mary's County and preparing to run against Defendant Fritz in his bid for re-election for that Office and speaking out against Defendant Fritz and his State's Attorneys' Office; all as protected under the First Amendment of the Constitution.

95.    On or about September 24, 2009, and continuing until the present, the Defendants did, under color of statute, ordinance, regulation, custom and usage of the State of Maryland,  subject and cause to be subjected and continues to subject John Mattingly, a citizen of United States to the deprivation of his rights, privileges and immunities secured by the First and Fourteenth Amendments to the Constitution and laws of the United States; to wit, the Defendants did undertake an investigation of John Mattingly in retaliation for and as a result of John Mattingly's seeking election as the State's Attorney for St. Mary's County and preparing to run against Defendant Fritz in his bid for re-election for that Office and John Mattingly's speaking out against Defendant Fritz and his State's Attorneys' Office; all as protected under the First Amendment of the Constitution; this included the illegally search and seizure of John Mattingly's attorney client files and the failure to return them, as provided for by the Fourth and Fourteenth Amendments to the

Constitution and the continued investigation against John Mattingly; all in violation of the First Amendment of the Constitution and 42 U.S.C. §1983.

96.    The foregoing is contrary to the treatment otherwise enjoyed by citizens of the United States.

97.    As a result of the foregoing violation of John Mattingly's rights as set out in the First, Fourth and Fourteenth Amendments and 42 U.S.C. §1983, John Mattingly has been and is being injured and is subject to future injuries in connection to the Attorney Client files illegally seized by the Defendants and the continued investigation of John Mattingly for exercising his First Amendment right to free speech and running for office.

98.    John Mattingly is entitled to all relief necessary to make him whole.

99.    As a direct and proximate result of Defendants' violation of John Mattingly's First, Fourth and Fourteenth Amendment rights and 42 U.S.C. §1983, John Mattingly is entitled to all relief necessary to make him whole as to be specified in the provisions hereinafter pertaining to damages and relief.

WHEREFORE, John Mattingly prays for relief as set forth below in this complaint.

## CLAIM IV

## DECLARATORY JUDGMENT AND OTHER EQUITABLE RELIEF

John Mattingly re-alleges and incorporates by reference paragraphs 1 through 99 of this Complaint as if fully set forth herein. John Mattingly incorporates into this claim each and every allegation set forth in every paragraph of this Complaint, except those that are inconsistent with a Declaratory Judgment cause of action.

100.    Under 28 U.S.C. 2201, John Mattingly seeks a declaration from this Court that Defendants are prospectively obligated to indemnify him for any claim or injury arising from Defendants' seizure of his confidential Attorney Client file, including cost of defense. John Mattingly seeks discovery so as to determine if any Defendants are responsible for compensatory damages in their personal, individual capacity and if any governmental entity is responsible for compensatory damages. Furthermore, John Mattingly is entitled to Equitable Relief prohibiting Defendants from committing further illegal acts against him while the Defendants undertake their official duties and functions.

## NOTICE OF RESERVATION OF CLAIMS

101.    John Mattingly specifically places Defendants on notice that John Mattingly reserves the right to amend this complaint (with the leave of the Court) and file an amended Complaint setting forth allegations of violations of his various rights, as determined upon appropriate discovery.

## GENERAL CAUSATION AND DAMAGES

102.    As a direct and proximate result of the foregoing claims, John

Mattingly has suffered and continues to suffer irreparable injuries relating to the

seizure and continued seizure of his confidential Attorney Client files.

103.    As a direct and proximate result of the foregoing acts and omissions,

John Mattingly has suffered and continues to suffer irreparable injuries relating to

the violation of his constitutional rights under the First, Fourth and Fourteenth

Amendments.

104.    As a direct and proximate result of the foregoing acts and omissions,

John Mattingly has suffered and continues to suffer damages through emotional

and physical pain and suffering that cannot be compensated for by monetary relief.

## DEMAND FOR TRIAL AND PRAYER FOR RELIEF

John Mattingly respectfully demands and prays for judgment against each

Defendant named herein, requests a jury trial if this matter is amended in the future

(with permission of the Court) so as to seek damages and John Mattingly presently

seeks relief as follows:

a. Declaring that the violations, acts and practices, complained of herein

and as set out above, are in violation of the provisions set out above in John

Mattingly's claim for Declaratory Judgment against all Defendants;

b. Enjoining and permanently restraining the violations of John Mattingly's

rights under the First, Fourth, Fourteenth Amendments to the United States

Constitution as well as 42 U.S.C. § 1983 and such other Equitable Relief as appropriate, including but not limited to enjoining violations of his right to free speech, to run for office, and to be free of unreasonable search and seizure;

c. Enjoining and permanently restraining the County Board of Commissioners from expending any public funds for acts in violations of John Mattingly's rights under the First, Fourth, Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. § 1983 and to recoup any funds so expended to date from those responsible for those violations, including but not limited to salaries expended.

d. Directing Defendants to turn over to John Mattingly any and all documents seized illegally and all reports, data, files, records and writings pertaining to his illegally seized files and all reports, data, files, records and writings derived therefrom and any audio and/or electronic and/or digital interceptions of John Mattingly and parties with whom he was communicating that may have occurred during the investigation of John Mattingly;

e. Enjoining the Defendants from using in any manner whatsoever any information derived directly or indirectly from any and all documents and evidence seized by the Defendants from John Mattingly's Attorney Client files, obtained through the illegal search and seizure charged herein;

f. Granting a declaration that Defendants are prospectively obligated to

26

indemnify John Mattingly for any claim or injury arising from Defendants' seizure of his confidential Attorney Client file, including cost of defense;

g. Directing Defendants to pay the cost and expenses of this action together with costs, expenses and all reasonable attorneys' fees which arose and were incurred as the result of Defendants' violations; and

h. Granting such other and further equitable relief as this Court deems proper.

Date: November 25, 2009

Respectfully Submitted,

s/ Kenneth Joel Haber
Kenneth Joel Haber, Esq.
Law Office of Kenneth Joel Haber, PC
15879 Crabbs Branch Way
Rockville, MD 20850
Email: kjhesq@haberslaw.com
Tel (301) 670-0016
Fax: (301) 948-3091
D.Ct. Bar Id No.: KJH23643